UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JUAN ANTONIO GARCIA, JR.,<br><br>Defendant. | CR 19-40028<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Juan Antonio Garcia, Jr. ("Garcia") filed a pro se motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Doc. 127.) The government opposes the motion. (Doc. 130.) For the following reasons the motion is denied.

**BACKGROUND**

On September 26, 2019, Garcia pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(l) and 846. On December 16, 2019, Judge Karen Schreier sentenced Garcia to 70 months' imprisonment followed by four years' supervised release. (Doc. 70.)

Garcia now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the following extraordinary and compelling reasons warrant his release: (1) alleged ineffective assistance of counsel; and (2) his alleged high blood pressure combined with the risk of contracting COVID-19 while in prison.

Currently, Garcia is incarcerated at the correctional institution in Leavenworth, Kansas (USP Leavenworth), which reports 0 confirmed cases of COVID-19 among inmates, and 0 cases among staff. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last reviewed May 1, 2023.) His projected release date is August 29, 2024. Garcia is 36 years old.

This Court's Standing Order 20-06, captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(1)(A), in the wake of the spread of the COVID-19 virus into the federal prison system."

(SO 20-06 at p. 1). Under the order, the Federal Public Defender for the Districts of North and South Dakota ("FPD") was automatically "appointed to represent all defendants in criminal cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act." (*Id.* at ¶ 1.) The standing order required the FPD and the United States Attorney "to place [the defendant] into one of four categories."[1] (*Id.* at ¶ 4.) On August 24, 2022, the FPD and U.S. Attorney filed a Notice of Categorization of Compassionate Release Motion, agreeing that Garcia's motion should be categorized as "Low Priority." (Doc. 128.) On September 13, 2022, the FPD gave notice of its intent not to submit supplemental briefing on behalf of Garcia.

## DISCUSSION

Title 18, § 3582(c)(1)(A)(i), known as the "compassionate release provision" of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to passage of the First Step Act, compassionate release requests came to the Court "upon motion of the Director of the Bureau of Prisons." *United States v. Rodd*, 966 F.3d 740, 745 (8th Cir. 2020). Now, a defendant may bring his or her own motion with the Court if administrative remedies have been exhausted. *Id.* at 744.

### I. Administrative Exhaustion

A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier.*" 18 U.S.C. §

---

[1] Standing Order 23-02 revised the procedure for compassionate release motions. The new standing order does not require the FPD and the U.S. Attorney to categorize the motion.

[2] 18 U.S.C. § 3582(c)(1)(A)(ii) does not apply because Garcia is 36 years old. He would need to be at least 70 years old to qualify for compassionate release consideration under Section (ii).

3582(c)(1)(A) (emphasis added). Garcia attached as an exhibit to his motion a copy of what appears to be a request to the warden at USP Leavenworth that he file a motion for compassionate release on Garcia's behalf. (Doc. 127 at p. 10.) The United States does not challenge administrative exhaustion in this case because, it argues, Garcia has failed to demonstrate extraordinary and compelling reasons for his release. (Doc. 130 at p. 2.) Accordingly, the Court will address the merits of Garcia's request.[3]

### II. Extraordinary and Compelling Reasons

To be eligible for compassionate release, a prisoner must show that "extraordinary and compelling reasons" warrant such a reduction in sentence and that the reduction is "consistent with applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Congress did not define what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A). District courts in the Eighth Circuit have broad discretion when deciding whether to grant relief under § 3582(c)(1)(A). *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (stating the passage of the First Step Act in 2018 did not change the discretion afforded the district court); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) (noting the district court's "broad discretion" when considering compassionate release motions).

Garcia argues that COVID-19, his alleged high blood pressure, and his current incarceration at USP Leavenworth satisfy the extraordinary and compelling reasons for compassionate release. Consistent with paragraph 5 of Standing Order 20-06, the U.S. Attorney obtained Garcia's medical records, sentence computation data, inmate profile, inmate education data, inmate disciplinary data from the Bureau of Prisons and filed the information in Garcia's criminal case file. (Doc. 129.) The Court has reviewed Garcia's medical records and there is no indication that he has high blood pressure. His documented health problems are gastroesophageal reflux disease and a severe stimulant disorder related to cocaine. According to his medical records, Garcia tested positive for COVID-19 in September of 2020 and he was asymptomatic. (Doc. 129 at p. 5.) This undercuts any argument that he is particularly susceptible to extreme illness or death

---

[3] The Eighth Circuit has held that exhaustion under § 3582(c)(1)(A) "is a mandatory claim-processing rule" that must be enforced if the opposing party properly raises it. *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021). *See also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release," but rather is "a claim processing rule that may be waived or forfeited by the government").

from COVID-19. Garcia's medical records simply do not support his claim that the presence of COVID-19 is an extraordinary and compelling reason for his release.

Even if Garcia did have high blood pressure, that alone does not constitute an extraordinary and compelling reason to warrant his release. *See, e.g., United States v. Colbert*, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020) (denying compassionate release where defendant had hypertension, high cholesterol, and prostate cancer in the past). Moreover, the medical records show that Garcia is fully vaccinated against COVID-19, which dramatically reduces the risks posed by the disease. "[F]ollowing full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Thus, "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.* In addition, at only 36 years old, Garcia is not of an age that makes him more vulnerable to COVID-19. The Eighth Circuit has stated that "the threat of contracting COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence." *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021). Thus, Garcia's general concerns about COVID-19 are not a basis for compassionate release.

Because Garcia has not shown that he suffers from a serious medical condition that increases his risk of severe illness from COVID-19, the Court finds that he has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A).

In addition, the Court rejects Garcia's claims of ineffective assistance of counsel as improperly raised in a motion for compassionate release. Such claims should have been brought in a motion filed pursuant to 28 U.S.C. § 2255. *See United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022) (holding that a federal prisoner "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead") (citing *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021)).

### III. Statutory Sentencing Factors

If "extraordinary and compelling reason" existed for compassionate release, the Court would then need to consider the § 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the

defendant." 18 U.S.C. § 3553(a)(1). The Court also must consider "the need for the sentence imposed to promote respect for the law ...; to afford adequate deterrence to criminal conduct; ... [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

Because Garcia has not stated any reason for compassionate release that is extraordinary and compelling, the Court does not need to consider the 18 U.S.C. § 3553(a) factors. But even if extraordinary and compelling reasons for compassionate release or a reduced sentence existed, granting relief to Garcia would not comport with the factors enumerated in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

The instant offense involved a large-scale conspiracy to distribute cocaine. The Presentence Investigation Report demonstrates that Garcia, with a criminal history category of III, committed the offense while under a criminal justice sentence for Assault-Fifth Degree – Inflict or Attempt Bodily Harm. In addition, Garcia was sentenced to the bottom of the 70 to 87 month guideline range. The Court concludes that a reduced sentence would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

The Court finds that extraordinary and compelling circumstances do not exist. Accordingly,

**IT IS ORDERED** that defendant Juan Antonio Garcia, Jr.'s Motion for Compassionate Release is denied. (Doc. 127.)

Dated this 1st day of May, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK